## McCuen vs. The State. (No. 3.)

Where an offence is created by statute, and an indictment is found under it, and the statute is afterwards repealed, the party may still be tried for the offence. (*Dig., p.* 960, *sec.* 8; 2 *Eng. R.* 68.)

*Appeal from Phillips Circuit Court.*

Hon. George W. Beazley Circuit Judge.

Alexander, for the appellant.

After the repeal of a penal law, no penalty can be inflicted, although the offence may have been committed and the law violated before the repeal. 1 *Kent's Com.* 515; 5 *Cranch Rep.* 281; 7 *Wheat. Rep.* 551; 3 *Peters Rep.* 57; 2 *B. Mon. Rep.* 402.

Johnson, Attorney General, for the State.

Mr. Chief Justice English delivered the opinion of the Court.

On the 4th of December, 1856, McCuen was indicted in the Phillips Circuit Court for retailing spirituous liquors by quantities less than one quart, etc. The indictment is based upon the act of 16th January, 1855. *Acts of* 1854, '55, *p.* 148.

At the May term, 1857, he moved to quash the indictment, and the Court overruled the motion. He then pleaded not guilty, and the cause being submitted to a jury, the State proved by Evans, that on or about the 26th of November, 1856, he saw the defendant sell to divers persons spirituous liquors in quantities less than a quart. That this was in the city of Helena, Phillips county, Ark., and within twelve months before

OF THE STATE OF ARKANSAS. **635**

TERM, 1858.]          McCuen vs. The State, (No. 3.)

the finding of the indictment: which was all the evidence intro-
duced by the State.

The defendant then offered to read to the jury the act of 5th
December, 1856, to incorporate the city of Helena, which the
Court excluded, and he excepted.

The jury found the defendant guilty, and assessed his fine
at $58. He moved for a new trial, and in arrest of judgment,
which motions were overruled, final judgment upon the verdict,
and he appealed.

The act of 16th January, 1855, upon which the indictment
was founded, absolutely prohibits the sale of spirituous or
vinous liquors, by less quantities than one quart, within the
county of Phillips, etc., and repeals the power to license, etc.

The 14th section of the act of December 5, 1856, to incorpo-
rate the city of Helena, is as follows:

" All acts and parts of acts passed heretofore respecting the
sale of vinous and spirituous liquors, shall be, and the same are
hereby repealed, so far as they may apply to said city, or the
inhabitants thereof, and said council, or a majority thereof,
shall have full and exclusive power, by ordinance passed as
aforesaid, to *regulate* and *tax* the sale, in *any quantity*, of vinous,
spirituous or malt liquors, or either, in said city."

In this case, the offence was committed and the indictment
found before the passage of the Helena charter, and the trial
was afterwards.

The act of December 21st, 1846, provides that: " from and
after the passage of this act, where any criminal or penal
statute that now is, or may hereafter be in force, shall be
repealed, all offences committed or forfeitures accrued under it,
while it was in force, shall be punished or enforced, as if it
were in force, and notwithstanding such repeal, unless other-
wise expressly provided in the repealing statute." *Dig.*, *p.* 960,
*sec.* 8, (see *Mayers et al. The State*, 2 *Eng*. *R*. 68.)

It follows that the appellant was regularly convicted, and
the judgment is affirmed.

Absent, Mr. Justice HANLY.